IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN CLAY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 CV 9777 |
| | ) | |
| v. | ) | Honorable Edmond E. Chang |
| | ) | Judge Presiding |
| COLIN KAESTNER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND
JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME the Defendants, COLIN KAESTNER and KAREN RICHMOND, by and through their attorney, LISA MADIGAN, Attorney General of Illinois, and hereby answer Plaintiff's First Amended Complaint, as follows:

1. On 2/19/14 Plaintiff was ordered to move to another cell house at which time he complied, properly packed his property and moved.

**ANSWER:** **Defendants admit that Plaintiff was transferred from F House to E House on 2/19/14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set form in Paragraph 1.**

2. On 2/19/2014 while Plaintiff was moving his property out of F-House, Defendant Torri maliciously and improperly confiscated his state issued work boots, which is a basic human need at his assignment in the kitchen.

**ANSWER:** **Averments directed towards others do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 2.**

3. On 2/21/2014 while at his assignment, Plaintiff was ordered to clean out the deep fryer without any training whatsoever on how to do so, by Defendants Kaestner and Richmond. Plaintiff informed both Defendants Kaestner and Richmond that he did not have any training on how to do so, but both Defendants Kaestner and Richmond deliberately and callously ignored him and ordered him to clean the fryer.

**ANSWER:** **Defendants deny the allegations set forth in Paragraph 3.**

4. On 2/21/14 while following the order to clean out the fryer. The hot oil and water overflowed the receptacle, spilling on to Plaintiff's left foot causing severe burns due to the deliberate and callous refusal to train Plaintiff, by Defendants Kaestner and Richmond, and malicious and improper confiscation of his work boots, a basic need for his assignment in the kitchen, by Defendant Torri.

**ANSWER:** **Defendants deny that Plaintiff was not properly trained. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 4.**

5. From 2/22/14 through 2/24/14 Plaintiff was deliberately denied crutches for mobility and his left foot wrapped so tight that had no feeling in his left foot and still no feeling by Defendant Kaminski and Defendant Jane Doe.

**ANSWER:** **Averments directed towards others do not require a response from Defendants. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.**

(1) A declaration that the act and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States; (2) Compensatory Damages as allowed by law against each defendant, jointly and severally; (3) Punitive damages as allowed by law against each defendant; (4) Plaintiff's costs in this suit and any additional relief that is just and proper

**ANSWER:** **Defendants expressly deny that Plaintiff's human rights were violated and that Plaintiff is entitled to any relief whatsoever.**

## GENERAL DENIAL

Defendants, COLIN KAESTNER and KAREN RICHMOND, deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

NOW COME the Defendants, COLIN KAESTNER and KAREN RICHMOND, by and through their attorney LISA MADIGAN, Attorney General for Illinois, to plead the following Affirmative Defenses.

### Affirmative Defense No. 1
Qualified Immunity

At all times relevant herein, Defendants acted in good faith and in furtherance of lawful

objectives without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

### Affirmative Defense No. 2
Prison Litigation Reform Act

To the extent applicable, Plaintiff is governed by the Prison Litigation Reform Act ("Act"), 42 U.S.C. § 1997(e)(a). Plaintiff failed to exhaust the administrative remedies as required by the Act, *id.*; *see also Dale v. Lappin*, 376 F. 3d 652, 655 (7th Cir. 2004).

### JURY DEMAND

Defendants demand a trial by jury on all issues herein triable.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois        By:    */s/ Phillip W. Rehani*
                                                            PHILLIP W. REHANI
                                                            Assistant Attorney General
                                                            General Law Bureau
                                                            100 W. Randolph St., 13th Fl.
                                                            Chicago, Illinois 60601
                                                            (312) 814-7200

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that the aforementioned document was served on the below named party by U.S. Mail, postage prepaid, by depositing a copy of the document at the U.S. Postal Office at 100 W. Randolph, Chicago, IL 60601 on September 9, 2016.

Calvin Clay (R-14334)
Stateville –STV
P.O. Box 112
Joliet, Illinois 60434

                                              */s/ Phillip W. Rehani*