041470/13944/MHW/JFM/DBS

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

CALVIN CLAY,

                Plaintiff,

v.

CANDICE A. KAMINSKI, et. al.,

                Defendants.

Case Number  15-cv-09777

Judge Edmond E. Chang

NOW COMES the Defendant, BERNADETTE ONONIWU, R.N., (hereinafter, "Nurse Ononiwu") by and through her attorneys, Matthew H. Weller, James F. Maruna, and David B. Savitt, of CASSIDAY SCHADE LLP, and in Answer to Plaintiff, CALVIN CLAY's, First Amended Complaint, state as follows:

1.      On 2/19/2014 Plaintiff was ordered to move to another cell house at which time he complied, properly packed his property and moved.

**ANSWER:    This Defendant lacks sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained in Paragraph 1.**

2.      On 2/19/2014 while Plaintiff was moving his property out of F-House, Defendant Torri maliciously and improperly confiscated his state issued work boots which is a basic human need at his assignment in the kitchen.

**ANSWER:    This Defendant makes no answer for the allegations in Paragraph 2 because those allegations are not directed against this Defendant. To the degree that any allegation in Paragraph 2 is construed as applying to Nurse Ononiwu, Nurse Ononiwu answers that she lacks sufficient information and knowledge from which to base a belief as to the truth or veracity of those allegations.**

3.     On 2/21/2014 while at his assignment, Plaintiff was ordered to clean out the deep fryer by removing hot grease from the dep fryer without any training whatsoever on how to do so, by Defendants Kaestner and Richmond. Plaintiff informed both Defendants Kaestner and Richmond that he did not have any training on how to do so, but both Defendants Kaestner and Richmond deliberately and callously ignored him and ordered him to clean the fryer.

**ANSWER:**     **This Defendant makes no answer for the allegations in Paragraph 3 because those allegations are not directed against this Defendant. To the degree that any allegation in Paragraph 3 is construed as applying to Nurse Ononiwu, Nurse Ononiwu answers that she lacks sufficient information and knowledge from which to base a belief as to the truth or veracity of those allegations.**

4.     On 2/21/2014 while following the order to clean out the fryer, the hot oil and water overflowed the receptacle, spilling on to Plaintiff's left foot causing severe burns due to the deliberate and callous refusal to train Plaintiff, by Defendants Kaestner and Richmond, and malicious and improper confiscation of his work boots, a basic human need for his assignment in the kitchen, by Defendant Torri.

**ANSWER:**     **This Defendant makes no answer for the allegations in Paragraph 4 because those allegations are not directed against this Defendant. To the degree that any allegation in Paragraph 4 is construed as applying to Nurse Ononiwu, Nurse Ononiwu answers that she lacks sufficient information and knowledge from which to base a belief as to the truth or veracity of those allegations.**

5.     From 2/22/2014 through 2/24/2014 Plaintiff was deliberately denied crutches for mobility and his left foot wrapped so tight that he had no feeling in his left foot and still no feeling by Defendant Kaminski and Defendant Jane Doe.

**ANSWER:**     **This Defendant denies the allegations in Paragraph 5, including, specifically, the allegations that Plaintiff was deliberately denied crutches for his mobility and that Plaintiff's left foot was wrapped so tight that Plaintiff had no feeling in his left foot, as they do not completely or accurately describe Plaintiff's alleged medical condition or the treatment rendered thereto.**

WHEREFORE, Defendant, BERNADETTE ONONIWU, R.N. denies that Plaintiff, CALVIN CLAY, is entitled to any relief, whatsoever, and prays that this Honorable Court enters an Order of Judgment, in Defendant's favor, with an award of costs, and any other relief that this Court deems just.

## FIRST AFFIRMATIVE DEFENSE
## FAILURE TO EXERCISE REASONABLE CARE AND TO MITIGATE DAMAGES

1.      The sole proximate cause of the injuries and damages alleged by the Plaintiff was the Plaintiff's failure to exercise reasonable care for his own well-being.

2.      The duty to mitigate damages is applicable to a prisoner's medical claims made pursuant to Section 1983.  See *Mister v. Dart*, 2014 U.S. Dist. LEXIS 87576, *2, 2014 WL 2922830 (N.D. Ill. June 26, 2014).  A Section 1983 affirmative defense based on a failure to mitigate damages is sufficiently pled without additional facts at the outset of a case.  *Id.* at *7, 2014 U.S. Dist. LEXIS 87576.

WHEREFORE, Defendant, BERNADETTE ONONIWU, R.N., prays that this Honorable Court grants judgment in its favor and against the Plaintiff, CALVIN CLAY, and for costs and denies the Plaintiff any requested relief, whatsoever.

## SECOND AFFIRMATIVE DEFENSE
## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

1.      Federal law mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a); *Pavey v. Conley*, 544 F.3d 739,740 (7th Cir. 2008).

2.     The administrative remedies applicable to the Plaintiff in the instant action can be found at 20 Ill. Admin. Rule § 504.800 - 870. Effectively, this Plaintiff was required to complete three administrative steps in order to exhaust his remedies:

(1)     attempt to resolve his complaint informally through his/her Counselor;

(2)     file a written grievance to the Grievance Officer within 60 days of discovery of his complaint; and

(3)     file an appeal to the Director within 30 days after the date of the decision with respect to his written grievance.

*See* 20 Ill. Admin. Rule § 504.810, § 504.850.

3.     To the extent Plaintiff has failed to exhaust his administrative remedies prior to the filing of this suit, his claims are barred by 42 U.S.C. § 1997(e)(a) and 20 Ill. Admin. Rule § 504.800 – 870.

WHEREFORE, Defendant, BERNADETTE ONONIWU, R.N., prays that this Honorable Court grants judgment in its favor and against the Plaintiff, CALVIN CLAY, and for costs and denies the Plaintiff any requested relief, whatsoever.

### THIRD AFFIRMATIVE DEFENSE – DEFENDANT ACTED IN GOOD FAITH/IMMUNITY

1.     At all times relevant herein Defendant acted in good faith in the performance of her official duties and without violating Plaintiff's statutory or constitutional rights of which a reasonable person would have known. She is therefore, protected from suit by the doctrine of qualified immunity.  The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibility and the need to shield

official from harassment, distraction, and liability when they perform their duties reasonably. *Id.* The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, mistake of fact, or a mistake based on mixed questions of law and fact. *Id.*

2. The United States Supreme Court regards as beneficial, the two-step sequence for resolving government officials' immunity claims articulated in *Saucier v. Katz*. 533 U.S. 194, 200 (2001); see also *Pearson*, 555 U.S. at 236 ("Although we now hold that the *Saucier* protocol should not be regarded as mandatory in all cases, we continue to recognize that it is often beneficial…"). First, a court must decide whether the facts, as alleged by the plaintiff, make out a violation of a constitutional right. *Id.* at 232. Second, the court must decide whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id.* Qualified immunity applies to the defendant unless the official's conduct violated a clearly established constitutional right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

3. The Plaintiff's First Amended Complaint alleges that Nurse Ononiwu provided medical care and treatment to the Plaintiff while he was incarcerated at Stateville Correctional Center. (Dkt. # 13, ¶ 5). At all times relevant herein, Nurse Ononiwu served in her capacity as a medical provider at Stateville Correctional Center. *Id.* Thus, the doctrine of qualified immunity protects Nurse Ononiwu from liability for civil damages insofar as her conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

WHEREFORE, Defendant, BERNADETTE ONONIWU, R.N., prays that this Honorable Court grants judgment in her favor and against the Plaintiff, CALVIN CLAY, and for costs and denies the Plaintiff any requested relief, whatsoever.

## **JURY DEMAND**

Defendant, BERNADETTE ONONIWU, R.N., demands a trial by jury on all issues herein triable.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: _/s/ David B. Savitt_____

One of the Attorneys for Defendant,
BERNADETTE ONONIWU, R.N.

Matthew H. Weller / ARDC No. 6278685
James F. Maruna / ARDC No. 6313433
David B. Savitt/ ARDC No. 6321446
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
mweller@cassiday.com
jmaruna@cassiday.com
dsavitt@cassiday.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 14, 2017, I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

       /s/ David B. Savitt